HIXIE J. POPE, ADMINISTRATRIX OF THE ESTATE OF ERNEST ALTON POPE, JR., DECEASED v. C. H. McLAMB, GARLAND McLAMB, ERNEST McLAMB & GERALD McLAMB, A PARTNERSHIP, T/A McLAMB BROTHERS HOG MARKET

No. 7411SC616

(Filed 20 November 1974)

1. Appeal and Error § 48— hearsay — harmless error

Plaintiff was not prejudiced by the admission of hearsay evidence that defendant told a patrolman that his truck was traveling 45 mph at the time of the accident in question where the jury answered the issue of defendant's negligence in plaintiff's favor.

2. Automobiles § 85; Negligence § 18— contributory negligence of minor — instructions

In an action for the wrongful death of an 11-year-old child who was struck by defendant's truck while riding his minibike, the trial court properly charged the jury on the presumption that a child between the ages of seven and fourteen is incapable of contributory negligence and on the burden of proof necessary to rebut that presumption.

APPEAL by plaintiff from Peel, Judge, 4 March 1974 Session of Superior Court held in JOHNSTON County. Heard in the Court of Appeals 25 September 1974.

Pope v. McLamb

This is an action to recover damage for the wrongful death of plaintiff's intestate resulting from the alleged negligence of defendants. On the day on which the fatal accident from which this lawsuit arose occurred, plaintiff's intestate and two of his friends had been riding their minibikes in the vicinity. On numerous occasions, the bike of plaintiff's intestate had broken down. The evidence was that it would not idle and the deceased had to "rev up" the motor at a high speed to keep it running. He was having trouble with his spark plug. He had removed it, scraped it, and put it back at a store to which they had gone to get a drink just shortly before the accident, and the three (deceased, Frankie Thornton and Michael Langdon) started off again. They went a short way, and stopped because the chain came off Frankie's minibike. Deceased and Michael stopped on the right shoulder of the road and were waiting at the end of a woods path for Frankie to get his chain back in place. While the two were waiting for Frankie to get his chain on and catch up, deceased was having to "keep his motor revved up because it wouldn't idle." The deceased was leaning over to "crank it and when he revved the motor up and when he did it just took off forward with him." The deceased was sitting a "foot and a half to two feet" from the paved portion of the road. Plaintiff's witness, Michael Langdon, gave this account:

"I was looking at E.A. (deceased) when this accident occurred and he was sitting right beside me on his mini-bike. He was about 4 feet from me. For some unknown reason it just shot forward with him. I know he didn't put it in gear. For one thing because when it came up there it was on its back wheel when it was struck. . . . E.A. and I were about the same distance from the paved portion of the road. . . . E.A. was not over a foot further away from the paved portion than I. When E.A.'s vehicle caught the pavement it just come up on its back wheel with him and about that time the truck came long and struck him. I first saw the truck when it was 300 feet or more away. The truck was traveling away from Benson. That would be North. After I first saw the truck I looked back down at the motorbike and he were revving it up to keep the motor running. He had a problem with it and it kept trying to knock off with him. As to the truck, yes, sir, I looked up one or more times, once or twice. I looked at the truck also while we were sitting there. In my opinion the truck was

running 60 or better, 60 miles per hour. The driver of the truck did not blow his horn. The road was straight. I seen the whole thing. When the minibike reared up and went out into the path of the truck and it struck it, . . ."

Frankie Thornton testified that while he was fixing his chain he did not take his eyes off deceased and the truck, which he saw when it was 500 feet away from him. The truck when he first saw it would have been 300 feet away from deceased and Michael because they were some 200 feet ahead of witness. Deceased's minibike "somehow or other it jumped in gear and lunged out in front of the truck." The truck did not slow down or blow its horn and was travelling "60 miles per hour or better." Witness had been on the shoulder of the road some two or three minutes prior to impact.

At the conclusion of plaintiff's evidence, defendants moved for a directed verdict. The motion was allowed as to all defendants except C. H. McLamb, the driver of the truck. Defendant offered no evidence. After arguments of counsel, the court, on its own motion, allowed into evidence testimony of the highway patrolman with respect to a conversation of the driver of the truck to the effect that the truck was being operated at a speed of 45 miles per hour at the time of the collision. This testimony had been elicited by defendant on cross-examination but was excluded by the court at the time it was elicited. Plaintiff objected and excepted to the procedure and assigns it as error on appeal.

*Robert A. Spence, P.A., for plaintiff appellant.*

*George B. Mast, P.A., by Joseph T. Nall, for defendant appellee.*

MORRIS, Judge.

[1] By her first assignment of error plaintiff contends that the action of the court in allowing into evidence the testimony of the patrolman as to defendant's statement with respect to his speed was prejudicial error. We agree that the court erred in admitting this testimony. It was clearly hearsay. It was elicited on cross-examination, could only be corroborative if defendant testified, and defendant did not testify and subject himself to cross-examination. Nevertheless, we fail to see how plaintiff has been prejudiced. The patrolman testified the speed limit at that point was 45 miles per hour for defendant. Plaintiff's wit-

Pope v. McLamb

nesses testified the truck was travelling at a speed of 60 miles per hour and neither reduced its speed nor sounded its horn. The jury obviously believed this testimony and gave no credence to the statement of defendant that he was driving 45 miles per hour, since they answered the issue of defendant's negligence in favor of plaintiff. We cannot see that plaintiff has been prejudiced in any way by the admission of this evidence, and this assignment of error is overruled.

Assignment of error No. 2 is based upon an exception taken to a portion of the charge of the court in which the court, in recapitulating the evidence, repeated the hearsay testimony allowed into evidence and discussed above. For the same reasons set out above, this assignment of error is also overruled.

[2]  Finally, plaintiff argues that the court erred in its charge to the jury with respect to the duty of care placed upon an infant and with respect to the standard of care required of a motorist upon observing an infant upon the highway. The court, in charging upon the second issue, instructed the jury that the evidence tended to show that plaintiff's intestate was, at the time of the accident, 11 years of age; that under the law of this State, a child under 7 is incapable of contributory negligence and that a child between 7 and 14 is presumed to be incapable of contributory negligence, but that that presumption may be rebutted by showing that the child failed to exercise that degree of care which a child of its age, capacity, discretion, knowledge and experience would ordinarily exercise under the same or similar circumstances. The court further instructed that in the case of a child between 7 and 14 years, the burden would be upon the party attempting to establish the child's contributory negligence to show, by the greater weight of the evidence, that the child had failed to use the degree of care which a child of his age, capacity, discretion, knowledge and experience would ordinarily have exercised under the same or similar circumstances. The court, it is true, did not repeat the same verbiage in charging the jury as to what they must find in order to find the plaintiff's intestate guilty of contributory negligence. However, he did again charge them that the rule previously explained as to the contributory negligence of a child between 7 and 14 would apply in this case.

As to the charge on the standard of care required of a motorist upon observing an infant upon the highway, we think the court's charge sufficiently conformed to the applicable law.

Considering the charge in its entirety, we find no basis for believing that the jury could have been misled thereby. These assignments of error are, therefore, overruled.

No error.

Judges HEDRICK and BALEY concur.